## In re Stoudt's Estate.

*Ethan A. Gearhart*, for petitioner.

RENO, P. J., October 20, 1930.—The petition prays for an order requiring the executor to pay legacies of $96.32, bequeathed to three minors, to their mother without the appointment of a guardian, under the Act of June 7, 1917, P. L. 447, section 59 (d), as amended by the Act of March 19, 1925, P. L. 53. Although not recited in the petition, the facts are that the minors and their mother reside in this county and that the decedent died in Northampton County and his estate is being settled in the Northampton Orphans' Court.

The question is: which court should enter the order? If the order is viewed as the appointment of a guardian, this court would have jurisdiction since the minors reside here. If viewed as an order requiring the executor to perform an act, the Northampton court, having jurisdiction over the executor, is alone competent to enter it. The act itself throws no light upon the question; it provides merely that "the court may, in its discretion, authorize payment," etc., without designating which court, in these circumstances, shall enter the order.

The question is properly resolved, we think, by a consideration of the nature of the order which is to be entered. In no sense is it the appointment of a guardian. It is quite the reverse; it is an order authorizing payment, in the language of the act, "to the natural guardian . . . without the appointment of a guardian." The purpose is to protect the fiduciary for the payment of a legacy to one who, without the sanction of the court, would have no authority to receive it on behalf of the minors. The "discretion" is, therefore, to be exercised by that court which has control of the executor. It is for it to determine from all the circumstances whether it is wise for the executor to pay legacies of less than $200 to some one other than a duly appointed guardian, and if so, whether "to the natural guardian of the minor or to the person by whom the minor is maintained, or to the minor." It follows that this court has no jurisdiction to grant the order.

Now, October 20, 1930, the prayer of the petition is denied.
                    From Edwin L. Kohler, Allentown, Pa.